# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

HELEN OF TROY LIMITED
The Phoenix Centre
George Street
Belleville, St. Michael, Barbados,

        Plaintiff,

    v.

DKB HOUSEHOLD USA CORP.
One Post, Suite 100
Irvine, California 92618,

        Defendant.

Civil Action No.: _____

JUDGE: _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Helen of Troy Limited, by and through its attorneys, for its Complaint against Defendant, DKB Household USA Corp., states and alleges as follows:

## I.    Parties

1. Plaintiff, Helen of Troy Limited, is a corporation organized and existing under the laws of the country of Barbados, with its principal place of business located at The Phoenix Centre, George Street, Belleville, St. Michael, Barbados.

2. Upon information and belief, Defendant, DKB Household USA Corp., is a corporation organized and existing under the laws of the State of California and having its principal place of business at One Post, Suite 100, Irvine, California 92618.

3. DKB Household does business nationally and in the Northern District of Ohio.

4. Upon information and belief, the registered agent for service of process for DKB Household is Nancee Christianson having the mailing address One Post, Suite 100, Irvine, California 92618.

## II.  Jurisdiction and Venue

5. This is an action arising out of the infringement by DKB Household of U.S. Patent No. 6,018,883 entitled "Brake Device for Drying Foods" ("the '883 patent") in violation of the Patent Laws of the United States as set forth in 35 U.S.C. § 271 and § 281 to § 285.

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and § 1338(a).

7. This Court has personal jurisdiction over DKB Household because DKB Household has conducted, and does conduct, business within the State of Ohio and the Northern District of Ohio; and it has advertised, offered for sale and has sold a product that infringes one or more claims of the '883 patent in this judicial district and elsewhere.

8. Venue is proper before this Court under 28 U.S.C. §1391(c) and 1400(b).

## III.  Background

9. On February 1, 2000, the '883 patent was issued by the United States Patent and Trademark Office. A true and correct copy of the '883 patent is attached as Exhibit A and incorporated by reference.

10. The '883 patent is owned by Helen of Troy Limited. By virtue of its ownership of the '883 patent, Helen of Troy has the right to sue for infringement of the '883 patent and to recover damages for infringement of the '883 patent.

11. Helen of Troy sells in the United States salad spinners that embody the inventions described and claimed in the '883 patent.

12. DKB Household has sold, offered to sell and imported into the United States salad spinners under the trade designation Zyliss® SwiftDry Salad Spinner ("the accused product").

13. The accused product is a device for drying food.

14. The accused product includes a container including a bowl having a sidewall terminating at a top edge defining an opening and a cover removably connected to the bowl and substantially covering the opening. Unlike a different salad spinner sold by DKB Household under the trade designation Zyliss® Easy Spin® Salad Spinner, which is not accused of infringement in this action, the interface between the cover and the bowl of the accused product is tighter than simply laying the cover on the bowl.

15. The accused product includes a basket assembly disposed in the bowl and rotatable relative to the container about an axis.

16. The basket assembly in the accused product includes a basket having a sidewall terminating at a top edge and a lid releasably coupled to the top edge of the basket.

17. The accused product includes a brake assembly carried by the cover and engageable with the lid to apply a frictional force to the lid for stopping rotation of the basket assembly.

18. The brake assembly in the accused product includes a moveable pad engageable with the lid.

19. In the accused product, the cover has interior and exterior surfaces, and the brake assembly includes a pad actuator coupled to the brake pad and a portion disposed at the exterior surface of the cover.

20. In the accused product, the cover includes an aperture, and the actuator is supported by the cover and the brake pad is disposable through the aperture to facilitate engagement with the lid.

21. In the accused product, the brake assembly has an engaged condition where the brake pad is in contact with the lid and a non-engaged condition where the pad is not in contact with the lid, and each accused product includes a spring for biasing the brake assembly to the non-engaged condition.

22. In the accused product, the actuator is formed of a material selected from the group consisting of rubbers and plastics.
23. DKB Household had actual knowledge of the '883 patent.
24. Upon information and belief, DKB Household USA Corp. was formerly known as Zyliss USA Corp.
26. Zyliss USA Corp. was a named defendant in a patent infringement lawsuit involving the '883 patent and a different product than the accused product in this action, which suit was brought in the Northern District of Illinois, Eastern Division in April 2004.

### Count I – Patent Infringement (35 U.S.C. § 271)

27. Helen of Troy incorporates each and every allegation of Paragraphs 1-26 of this Complaint as though fully set forth herein.
28. DKB Household, due to the sale, offer for sale and importation into the United States of the accused product, infringes at least claims 1, 2, 3, 4, 5 and 10 of the '883 patent literally and/or under the doctrine of equivalents.
29. DKB Household will continue to offer and to sell the accused product unless and until enjoined by this Court.
30. DKB Household's infringing conduct has been willful with actual and constructive knowledge of the '883 patent.
31. As a result of DKB Household's infringement, Helen of Troy has suffered and will continue to suffer damages and irreparable injury.

### Count II – False Marking (35 U.S.C. § 292)

32. Helen of Troy incorporates each and every allegation of Paragraphs 1-31 of this Complaint as though fully set forth herein.
33. Upon information and belief, the Zyliss® SwiftDry salad spinner is not covered by a patent.

34. As seen in Exhibit B, which is a true copy of the website https://www.zyliss.com/shop/new-products/zyliss-swift-dry-salad-spinner/ on November 3, 3016, DKB Household uses in advertising in connection with the Zyliss® SwiftDry salad spinner the word "patented" importing the same is patented for the purpose of deceiving the public.

35. The Zyliss® SwiftDry salad spinner is described as "patented" on other websites such as www.amazon.com and www.bedbathandbeyond.com, both of which are directed to U.S. consumers.

36. As a result of DKB Household's use in advertising in connection with the unpatented Zyliss® SwiftDry salad spinner of the word "patented" importing the same is patented for the purpose of deceiving U.S. consumers, Helen of Troy has suffered and will continue to suffer a competitive injury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter a judgment to:

A. Enjoin DKB Household, its subsidiaries, directors, officers and employees, and all others acting in concert with it, from offering for sale and selling products encompassed by the '883 patent;

B. Order DKB Household to account for its sales and profits from the infringement of the '883 patent to Helen of Troy;

C. Award Helen of Troy damages for infringement, together with pre-judgment and post-judgment interest;

D. Adjudge DKB Household to be a willful infringer and treble the aforesaid damages pursuant to 35 U.S.C. § 284;

E. Adjudge this case to be exceptional and award Helen of Troy its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

F. Enjoin DKB Household, its subsidiaries, directors, officers and employees, and all others acting in concert with it, from using the word "patented" or any word or number importing the Zyliss® SwiftDry salad spinner is patented;

G. Award Helen of Troy damages for false marking of the Zyliss® SwiftDry salad spinner, together with pre-judgment and post-judgment interest;

H. Assess costs and interest against DKB Household; and

I. Grant Helen of Troy such other and further relief as is just.

## Demand for Jury

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

RESPECTFULLY SUBMITTED this **December 8, 2016**.

RANKIN, HILL & CLARK LLP

s/Randolph E. Digges, III/
Randolph E. Digges, III (OH# 0059298)
 Email: digges@rankinhill.com
Jonathan A. Withrow (OH# 0074752)
 Email: withrow@rankinhill.com
23755 Lorain Road, Suite 200
North Olmsted, OH 44070
Tel: (216) 566-9700
Fax: (216) 566-9711

Attorneys for Plaintiff,
Helen of Troy Limited
